Richard B. Teitelman, Judge
Gary Coleman appeals from his conviction of one count of second-degree robbery, section 569.030,[1] on grounds that there was insufficient evidence that he for *354 cibly stole money from a bank. The judgment is affirmed.

Facts

In October 2012, Mr. Coleman walked into a bank, rested his forearm on the counter, handed the bank teller a plastic grocery sack, and said, “I need you to do me a favor. Put the money in this bag.” The teller placed $1,472 in the bag. An assistant manager approached Mr. Coleman. Mr. Coleman told her, “Ma’am, stop where you are and don’t move any farther.” The assistant manager complied. Mr. Coleman took the bag of money and ran out of the bank. The entire encounter lasted approximately 45 seconds. Mr. Coleman was arrested in Texas and extradited to Missouri. Mr. Coleman admitted to police that he was the man in the bank surveillance photographs and that he had taken the money from the bank.
Mr. Coleman was charged as a persistent offender with one count of second-degree robbery pursuant to section 569.030.1. Mr. Coleman waived his, right to a jury trial. He was tried by the court and found guilty as charged. The court sentenced Mr. Coleman as a persistent offender to a term of ten years imprisonment.
Mr. Coleman appeals. In his only point on appeal, Mr. Coleman argues that there was insufficient evidence to support his conviction for second-degree robbery because he did not forcibly steal the money through the use or threatened use of force.

Standard of Review

Appellate review of a claim that there is insufficient evidence to support a conviction “is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.” State v. Stover, 388 S.W.3d 138, 146 (Mo. banc 2012) (quoting State v. Oliver, 293 S.W.3d 437, 444 (Mo. banc 2009)). In applying this standard, “the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary.” Id.

Analysis

Section 569.030 provides in pertinent part: “A person commits the crime of robbery in the second degree when he forcibly steals property.” A person “forcibly steals” if “in the course of stealing ... he uses or threatens the immediate use of physical force upon another person for the purpose of’ either defeating resistance to the theft or compelling the surrender of the property. Section 569.010(1). Therefore, to support a second-degree robbery conviction, there must be evidence establishing beyond a reasonable doubt that the defendant used physical force or threatened someone with the immediate use of physical force to accomplish the theft.
Mr. Coleman argues that there is insufficient evidence that he forcibly stole the money because he neither threatened nor attempted to threaten the bank teller or the assistant manager. Mr. Coleman asserts that he simply walked into the bank, asked for money and then left the bank once the teller gave him the bag of money.
In State v. Brooks, 446 S.W.3d 673, 676-77 (Mo. banc 2014), this Court held that there was sufficient evidence to support a conviction for second-degree robbery because the defendant walked into a bank wearing sunglasses, slammed his hand on the counter, demanded money and told the teller to “get back here” when she went to retrieve money from a drawer at the drive-through window. Mr. Coleman asserts *355 that his case is distinguishable from Brooks because, unlike the defendant in Brooks, Mr. Coleman did not make any threatening physical gestures or raise his voice in a threatening manner. Mr. Coleman accurately describes the factual distinctions between this case and Brooks, but these distinctions do not dictate a different result.
First, as this Court recognized in Brooks, determining the existence of a threat is an objective test that depends on whether a reasonable person would believe the defendant’s conduct was a threat of the immediate use of physical force. Id. at 676. Banks are regular targets of robberies, and bank employees have a heightened awareness of security threats. Id. A demand for money in that context is an implicit threat of the use of force in and of itself. Id. citing United States v. Gilmore, 282 F.3d 398, 402-03 (6th Cir.2002) (stating that oral or written demands for money in a bank “carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result”).
Second, whether such an implicit threat would itself be sufficient depends on the facts of the case. Here, when viewed in context, they provide further evidence that Mr. Coleman forcibly stole the money by means of an actual or attempted threat. Mr. Coleman approached the bank teller, kept one hand concealed, demanded money to which he had no lawful right, and directed the branch manager not to move any farther when she approached to investigate the situation. These facts and the inferences from those facts support the conclusion that a reasonable person would perceive Mr. Coleman’s actions as threatening and, as a result, would comply with his directive to place the money in the bag. To hold otherwise, this Court would have to hold that the only reasonable inference that could be drawn was that Mr. Coleman’s actions were nothing more than a mere request for some of the bank’s money. There was sufficient evidence to support the conviction.
Mr. Coleman also argues that Brooks should be overruled because the case stands for the proposition the every theft of money from a bank constitutes second-degree robbery. Neither Brooks nor this case holds that all thefts of money from a bank necessarily involve forcible stealing and, therefore, constitute robbery. Instead, these cases recognize that context matters. The objective circumstances attending the unlawful demand of money from a bank are often such that there is a strong implication of a threat. As in Brooks, the fundamental problem with Mr. Coleman’s version of events is that it contradicts the facts and inferences from those facts that were found by the trial court acting in its capacity as the finder of fact. To adopt Mr. Coleman’s version of events, this Court would have to hold that the trial court’s finding that Mr. Coleman forcibly stole the money by means of an actual or attempted threat is unsupported by the record and rests on forced or speculative inferences. This Court declines to do so.

Conclusion

There was sufficient evidence supporting the trial court’s finding that Mr. Coleman committed the crime of robbery in the second-degree because he forcibly stole the money by threatening the immediate use of physical force for the purpose of both defeating resistance to the theft of the money and compelling its surrender.
The judgment is affirmed.
Russell, C.J., Fischer, Draper, and Wilson, JJ., concur; Breckenridge, J. dissents in separate opinion filed; Stith, J., concurs in opinion of Breckenridge, J.

. All statutory citations are to RSMo 2000.