STATE of Missouri, Respondent,

v.

Vicki Leann GILMORE, Appellant.

No. SC 96341

Supreme Court of Missouri,
en banc.

Opinion issued January 16, 2018

Gilmore was represented by J. Eric Mitchell of Johns, Mitchell & Duncan LLC in Clinton, (660) 885-6161.

The state was represented by Christine K. Lesicko and Dora A. Fichter of the attorney general's office in Jefferson City, (573) 751-3321.

W. Brent Powell, Judge

Vicki Gilmore appeals her conviction of the class C felony of possession of a controlled substance, arguing insufficient evidence supports her conviction. Following a jury trial, Gilmore was found guilty and sentenced to seven years in prison. The circuit court suspended the execution of the sentence and placed her on probation for five years. Because there was insufficient evidence Gilmore knew of the presence of the controlled substance for which she was convicted of knowingly possessing, this Court reverses the circuit court's judgment and enters judgment of acquittal.

## I. Factual and Procedural History

In September 2014, the St. Clair County sheriff's office launched an investigation into reported drug activity at a residential trailer leased by Josh Foley and Ashley Mitchell in Appleton City. During the investigation, a deputy sheriff performed multiple "trash pulls," culling through Foley's garbage to ascertain possible evidence of drug use and sales. The deputy recovered three or four plastic bags with the corners cut off, which, according to testimony at trial, are commonly used for packaging drugs for sale. During one of these trash pulls, the deputy observed Gilmore, who was dating Foley, at Foley's trailer. The deputy also observed Gilmore's vehicle at Foley's trailer on each of the six occasions he conducted trash pulls, but he only observed Gilmore at the trailer the one time.

On October 1, 2014, law enforcement went to Foley's trailer to serve an arrest warrant issued for him. When law enforcement arrived, Foley, Gilmore, and an unidentified male were inside the trailer. Foley attempted to flee through the back door. After officers apprehended him, Foley admitted to possessing drug paraphernalia but refused to consent to a search of the trailer.

Gilmore, who was inside the residence, cooperated with law enforcement. When questioned, Gilmore told officers there was drug paraphernalia in the trailer. Gilmore consented to a search of her person, her purse, her vehicle, and her cellular telephone. Officers did not discover any contraband as a result of these consensual searches but did discover a text message on Gilmore's telephone from someone inquiring about a "20 bag," which, according to testimony at trial, is a common term for a $20 bag of marijuana. Gilmore admitted she and Foley sold marijuana and had previously smoked marijuana but stated there was no marijuana in the trailer. Officers did not observe anything suggesting Gilmore was under the influence of drugs or alcohol.

After obtaining a search warrant, law enforcement officers searched the trailer. In the search, police recovered a glass pipe with white powder residue hidden inside a large stereo console, a small plastic bag in

an ashtray on the kitchen counter with a small amount of white powder, and two marijuana smoking devices in a kitchen cabinet above the stove.[1] Officers also recovered a set of digital scales and a cut-off corner of a plastic bag containing a small amount of white powder from the medicine cabinet in the bathroom. A laboratory report later indicated the bag found inside the medicine cabinet contained .275 grams of methamphetamine. In the same medicine cabinet, officers observed an eyelash curler. An additional digital scale was found in one of the bedrooms, and a magnetized picture of Gilmore and Foley was found hanging on the refrigerator.

Gilmore was charged with possession of methamphetamine, a controlled substance, as a prior drug offender. At trial, the detective who conducted the search testified he did not find any female clothes in his search of Foley's trailer. He further testified the pipe located in the stereo console was hidden from plain view and was only observed after the console was opened. The detective testified the bag containing methamphetamine was on the third shelf of the medicine cabinet, tucked up against the left wall, and was not visible upon entering the bathroom. He further testified Gilmore had no personal items other than her purse inside the trailer, there was no mail in Gilmore's name, and he did not see Gilmore in the bathroom where the methamphetamine was found.

After the State rested, Gilmore filed a motion for judgment of acquittal, arguing the State failed to make a submissible case. Specifically, Gilmore argued there was no evidence she had knowledge of the methamphetamine, had ever possessed the methamphetamine, or was ever in the bathroom where the only controlled substance was located. The circuit court overruled the motion. At the close of all evidence, Gilmore renewed her motion for judgment of acquittal, which the circuit court again overruled. A jury convicted Gilmore of one count of possession of methamphetamine. The circuit court sentenced Gilmore to seven years in prison, suspended execution of the sentence, and placed her on probation for five years. Gilmore appealed and, after opinion by the court of appeals, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.

## II. Standard of Review

In her sole point on appeal, Gilmore argues the circuit court erred in overruling her motion for judgment of acquittal at the close of evidence and entering judgment and sentence against her because the State did not present sufficient evidence that she knowingly possessed the methamphetamine found in the trailer. "To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidences and inferences." *State v. Ess*, 453 S.W.3d 196, 206 (Mo. banc 2015) (internal quotations omitted). The evidence is sufficient to support a conviction when "there is sufficient evidence from which a reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt". *State v. Coleman*, 463 S.W.3d 353, 354 (Mo. banc 2015). This Court "may not supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences." *State v. Whalen*, 49 S.W.3d 181,

1. The white powder and white powder residue were not sent to a laboratory for analysis.

184 (Mo. banc 2001) (internal quotations omitted).

## III. Insufficient Evidence to Support the Conviction

█ A criminal offense generally consists of two rudimentary components: a tangible deed or act; and an intangible guilty mind or intent that makes the act or deed criminal. *State v. Roberts*, 948 S.W.2d 577, 587 (Mo. banc 1997), *cert. denied*, 522 U.S. 1056, 118 S.Ct. 711, 139 L.Ed.2d 652 (1998). The offense of possession of a controlled substance is no exception.

█ Section 195.202.1 [2] makes it "unlawful for any person to possess or have under his control a controlled substance." The legislature has defined "[p]ossessed" or "possessing a controlled substance" as

[A] person, with the **knowledge** of the **presence and nature of a substance**, has **actual** or **constructive possession** of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint.

Section 195.010(34) (emphasis added).[3] As this Court has previously held, possession of a controlled substance requires both a guilty mind or intent and an act of control, *i.e.*, 1) "conscious and intentional possession" and 2) "possession of the substance, either actual or constructive." *State v. Zetina-Torres*, 482 S.W.3d 801, 807 (Mo. banc 2016) (internal quotations omitted). The verdict director for the offense of possession of a controlled substance includes the same two components or elements—knowledge and an act of control or possession:

(If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant **possessed** ( [*name of the controlled substance*] ) ..., and

Second, that defendant (**knew**) (or) (**was aware**) of its **presence and nature**,

then you will find the defendant guilty (under Count ____) of (possessing a controlled substance)....

MAI-CR 3d 325.02 (2013) (emphasis added).

█ "Possession is a voluntary act if the possessor **knowingly** procures or receives the thing possessed, or having acquired control of it **was aware** of his control for a sufficient time to have enabled him to dispose of it or terminate his control." Section 562.011.3 (emphasis added). Knowledge of the presence of the substance is a condition precedent to a person's actual or constructive possession of the controlled substance. *State v. Clark*, 490 S.W.3d 704, 709 (Mo. banc 2016). Be-

---

2. All statutory references are to RSMo Supp. 2011, unless otherwise indicated.

3. Under the revisions to the criminal code effective January 1, 2017, § 195.202 was repealed and moved to § 579.015, RSMo 2016, which now comparably provides: "[A] person commits the offense of possession of a controlled substance if he or she **knowing-** ly **possesses** a controlled substance, except as authorized by this chapter or chapter 195." (Emphasis added). The definition of "[p]ossessed" or "possessing a controlled substance" has not been amended by the revisions to the criminal code and remains codified in § 195.010(34), RSMo 2016.

cause knowledge of the existence of the controlled substance is necessary to establish the intent to physically control the illegal substance, the dispositive question in this case is whether there was sufficient evidence to prove the condition precedent that Gilmore actually knew or was aware of the methamphetamine found in the bathroom medicine cabinet. *Id.* at 708 (citing *State v. Burns*, 457 S.W.2d 721, 724 (Mo. 1970)).

██ The State did not meet its burden of proving beyond a reasonable doubt that Gilmore had the requisite intent or guilty mind. Regardless of whether Gilmore engaged in the tangible act of actual or constructive possession, insufficient evidence was introduced to establish Gilmore knew or was aware of the presence of the methamphetamine found in the medicine cabinet. Gilmore's proximity and access to the medicine cabinet does not establish she knew or was aware of the small plastic bag of methamphetamine. Proximity to contraband alone fails to prove knowledge of its presence; "[t]here must be some incriminating evidence implying that the defendant knew of the presence of the [controlled substances], and that the [controlled substances] were under [her] control." *State v. Withrow*, 8 S.W.3d 75, 80 (Mo. banc 1999) (concluding the defendant could not be guilty of possessing methamphetamine, despite the fact law enforcement observed the defendant exiting the bedroom where the methamphetamine was found); *see also Clark*, 490 S.W.3d at 709. While contemporaneous possession of other drugs or paraphernalia may be relevant to demonstrate knowing and intentional possession of the controlled substance for which one is charged, this evidence in combination with Gilmore's proximity to the medicine cabinet was insufficient to prove knowledge. *See, e.g., State v. Richardson*, 296 S.W.3d 21, 24 (Mo. App. 2009). The plastic bag

containing the controlled substance was seized from the third shelf of the medicine cabinet, tucked up against the left wall of the cabinet, and not visible upon entering the bathroom. Gilmore did not have exclusive control over the trailer or the bathroom. Although Gilmore was present in the trailer, there was no evidence she had ever lived in the trailer. In fact, the detective who conducted the search testified he did not find any female clothes in the trailer, Gilmore had no personal items other than her purse inside the trailer, there was no mail in Gilmore's name, and he did not see Gilmore in the bathroom or bedroom where the contraband was found. In addition, there was no evidence Gilmore was under the influence of any controlled substance or that she had knowledge of any other drug activity at the trailer other than the use and distribution of marijuana. Despite admitting to the marijuana activity at the residence, Gilmore did not admit knowing methamphetamine was inside the trailer.

██ Without additional evidence, Gilmore's presence in the trailer where the methamphetamine was found is insufficient evidence to support a finding Gilmore knew or was aware of it. While the State speculates Gilmore knew or was aware of the plastic bag containing methamphetamine because the eyelash curler found in the medicine cabinet likely belonged to her, there was nothing connecting the eyelash curler to her other than speculation based on her gender. Moreover, the trailer was leased to a woman who was not Gilmore. "Speculative inferences ... may not be used to support a verdict." *Clark*, 490 S.W.3d at 711 (rejecting the State's speculation that an unidentified cell phone belonged to the defendant).

## IV. Conclusion

Because there was insufficient evidence to establish Gilmore knew or was aware of

the controlled substance recovered from the bathroom medicine cabinet, the circuit court erred in overruling Gilmore's motion for judgment of acquittal and entering judgment and sentence against her. The circuit court's judgment is reversed, and judgment of acquittal is entered.[4]

All concur.

4. "The appellate court shall ... give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." Rule 84.14.