

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | **WD81051** |
| Respondent, | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **GENA KEEL,** | ) | **January 15, 2019** |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**Honorable Thomas Lloyd Sodergren, Judge**

**Before Division Two:**
**Alok Ahuja, P.J., Thomas H. Newton, and Mark D. Pfeiffer, JJ.**

Ms. Gena Lee Keel appeals the conviction following a Cole County Circuit Court bench trial of one class A misdemeanor count of the possession of drug paraphernalia with intent to use, § 195.233, RSMo (2000). The sentencing court suspended execution of sentence on a 10-day jail term, with two years of unsupervised probation. Ms. Keel challenges the sufficiency of the evidence and the admission of testimony identifying residue on the digital scale that the arresting officer field-tested. We reverse.

Jefferson City Police Department Officer Thomas Whitener observed Ms. Keel turn a corner in a Jeep without signaling in August 2016.[1] He activated the emergency lights on his patrol car, and she pulled into a driveway to stop. When he ran her information through central communications, Officer Whitener asked Ms. Keel if he could search her vehicle. She agreed, and the officer found a digital scale in what he characterized as a woman's handbag behind the driver's seat. According to the officer, the bag also contained feminine hygiene products and "paperwork" with Ms. Keel's name on it. In his report, Officer Whitener noted that Ms. Keel had told him, when he found the scale, that "her friend Jimmy left the scale in the vehicle." The officer saw a crystal substance on the scale that was consistent in appearance with methamphetamine. Officer Whitener found no drugs or "ingestion devices" in the car or on Ms. Keel's person. Ms. Keel was charged by criminal information in October 2016 with one count of violation of section 195.233, for possession of "a digital scale, which was drug paraphernalia, knowing of its presence and nature, with intent to use it to test or analyze a controlled substance or an imitation controlled substance."

During the July 2017 bench trial, the only physical evidence introduced was the digital scale; neither the scale nor the residue was apparently submitted to chemical testing in a laboratory. Ms. Keel objected to the officer's testimony about the nature of the residue found on the scale based on his observation of it. She challenged it as speculative and on the ground that the officer was not qualified to identify a chemical compound. The officer was subjected to voir-dire examination to determine whether

---

[1] The sufficiency standard applicable here requires that we "accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore all contrary evidence[] and inferences." *State v. Gilmore*, 537 S.W.3d 342, 344 (Mo. banc 2018) (citation omitted).

2

he was qualified to definitively identify a chemical compound, and he admitted that he was not. In response to the State's challenge to defense counsel's voir-dire question about whether the officer could "to a reasonable degree of scientific certainty . . . look at a crystal-like substance and determine, with certainty, the chemical components within that crystal-like substance," the trial court stated, "And it's kind of—you've got to admit, it's kind of [an] absurd question, that he can look at something and know what the chemical composition is." The court overruled any objection to the officer's testimony, however, indicating that its purpose was not to identify the substance but rather to show that the officer had a suspicion about the substance and this led him to proceed further with his investigation and to conduct a field test, which the officer then described, explaining that he had been trained to conduct field tests of chemical substances.[2]

Ms. Keel also objected to the officer's testimony about the field-test result, arguing that such tests "don't meet a Frye/Daubert standard. There is no evidence that that is—that that field test is in any way reasonably reliable within the scientific community."[3] The court overruled the objection without comment, and Officer Whitener testified that the substance tested positive for the presence of amphetamine. Ms. Keel submitted motions for judgment of acquittal at the close of the State's evidence and at the close of all the evidence. The trial court overruled both and found

[2] Officer Thomas Whitener had previously testified that he had been trained in identifying controlled substances by the way they appear.

[3] "Frye" refers to the standard for the admissibility of expert testimony set forth in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923); it was applied in criminal cases in Missouri until the 2017 amendment of section 490.065 (effective August 28, 2017). With the amendment's enactment, the "Daubert" standard for the admissibility of expert testimony was extended to criminal cases; it is derived from *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Ms. Keel guilty. The court sentenced her in August 2017 as indicated above, and Ms. Keel timely filed this appeal.

## Legal Analysis

In the first point, Ms. Keel argues that the trial court erred in overruling the motion for judgment of acquittal at the close of all the evidence in violation of her due process rights because the evidence was insufficient "to establish that the digital scale found in Ms. Keel's vehicle was used in conjunction with a controlled substance." She contends that a field test is insufficient to establish that the substance found on the scale was a controlled substance. The State argues that it was not required to prove that the drug paraphernalia was used in conjunction with a controlled substance.

When reviewing a trial court's decision to overrule a motion for judgment of acquittal at the close of the evidence, we determine "whether the evidence presented was sufficient to support conviction." *State v. Gilmore*, 537 S.W.3d 342, 344 (Mo. banc 2018).

> [T]his Court does not weigh the evidence but rather accept[s] as true all the evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences. The evidence is sufficient to support a conviction when there is sufficient evidence from which a reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt. This Court may not supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences.

*Id.* (citations omitted). To prove that Ms. Keel possessed "drug paraphernalia" with intent to use, the State was required to prove beyond a reasonable doubt, under section 195.233, that she "possessed drug paraphernalia, was aware of its nature and presence,

4

and possessed it with intent to use to" test or analyze a controlled substance.[4] *State v. Mickle*, 164 S.W.3d 33, 47 (Mo. App. W.D. 2005). By challenging the sufficiency of the State's evidence in terms of the digital scale's use in conjunction with a controlled substance, Ms. Keel has, in effect, disputed that the scale constituted drug paraphernalia. "Drug paraphernalia" is defined, among other matters, as equipment used or intended for use in processing or preparing a controlled substance, which would encompass the testing or analyzing allegation against Ms. Keel. § 195.010(17). This definition includes "[s]cales and balances used, intended for use, or designed for use in weighing or measuring controlled substances or imitation controlled substances." § 195.010(17)(e). To decide whether a particular object is drug paraphernalia, the courts:

> should consider, in addition to all other logically relevant factors, the following:
>
> (a) Statements by an owner or by anyone in control of the object concerning its use;
>
> (b) Prior convictions, if any, of an owner, or of anyone in control of the object, under any state or federal law relating to any controlled substance or imitation controlled substance;
>
> (c) The proximity of the object, in time and space, to a direct violation of sections 195.005 to 195.425;
>
> (d) The proximity of the object to controlled substances or imitation controlled substances;
>
> (e) The existence of any residue of controlled substances or imitation controlled substances on the object; . . .

\* \* \*

---

[4] Section 195.233, RSMo. (2000) was transferred in 2014 to section 579.074, which did not take effect until January 1, 2017, or after Ms. Keel was stopped by the police officer. In relevant part, section 195.233 states, "It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to . . . test [or] analyze . . . a controlled substance or an imitation controlled substance. . . ."

5

       (m)  The existence and scope of legitimate uses for the object in
               the community; . . .

§ 195.010(17)(a)-(e), (m).

A digital scale has legitimate uses. Thus, the State must present some additional evidence, beyond the defendant's possession of the item itself, that the defendant had used, or intended to use, the item in conjunction with a controlled or imitation-controlled substance. A police officer's testimony about observing a crystal-like residue on the scale was the only evidence the State introduced to show that the scale came within the drug-paraphernalia definition, so we believe that it had the burden of proving beyond a reasonable doubt that the residue was a controlled or imitation-controlled substance. Its evidence that the residue was methamphetamine was based solely on the police officer's visual examination of the substance and a field test. As to the visual examination, the transcript is clear that the observations were admitted only to explain the officer's subsequent conduct. As to the field test, the transcript is less clear, but the State's brief explicitly concedes that the field-test results were not admitted to prove the nature of the substance, but only to explain the officer's actions. The State failed to introduce sufficient evidence that the residue was a controlled or imitation-controlled substance and thus that the digital scale actually was "drug paraphernalia." This point is granted, and disposes of the appeal.[5] Accordingly, we reverse the conviction.

---

[5] We need not address point two, which challenges the police officer's testimony that the residue on the digital scale tested positive for amphetamine in that his testimony about the field test on which he relied is not admissible under either a *Frye* or *Daubert* standard.

## Conclusion

Because the evidence was insufficient to prove that the residue on the digital scale in Ms. Keel's automobile was methamphetamine, we reverse the conviction.

/s/ *Thomas H. Newton*
Thomas H. Newton, Judge

Alok Ahuja, P.J., and Mark D. Pfeiffer, J. concur.