

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | No. SD37023 |
| vs. | ) | |
| | ) | **Filed: June 9, 2022** |
| SANDRA K. BENSON, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Judge

## AFFIRMED

Sandra Benson appeals her conviction of driving with excessive blood alcohol content ("BAC"). Section 577.012.[1] Benson's sentence was enhanced to a class E felony because she is a persistent offender. Benson contends: (1) the state failed to prove beyond a reasonable doubt she drove with a BAC of .08% or more, and (2) the prior intoxication-related offenses the state used to establish her status as a persistent offender were not qualifying convictions. We affirm.

---

[1] Unless otherwise indicated, statutory references are to Missouri Revised Statutes (2016).

**Background**

On April 30, 2017, a Highway Patrol trooper observed a vehicle's driver-side tires cross over the double yellow lines on the pavement three times. Suspecting driver impairment, the trooper initiated a traffic stop. The driver, Benson, smelled of alcohol, exhibited indicators of intoxication, and admitted she had been drinking vodka. A portable breath test showed Benson's BAC was above the legal limit for driving.

Benson was arrested and, after being informed of Missouri's implied consent law, agreed to take a breath test. The test showed Benson had a BAC of eighty-two-thousandths of one percent (.082%), slightly above the legal limit.

At a bench trial, the state's evidence included, among other things, records of maintenance reports for the breath instrument used to determine Benson's BAC. Three calibration tests performed on the machine during the month before Benson's arrest all registered 0.101% on a standard 0.100% solution. Three calibration tests performed within a week after Benson's arrest registered 0.098%, 0.099%, and 0.099% on a standard 0.100% solution. The acceptable range for the test results was up to +/- 0.005% (inclusive).

Without objection, the court also received certified records of Benson's prior convictions for driving while intoxicated in violation of § 577.010 RSMo. (2000). In September 2003, Benson pleaded guilty in the Willard Municipal Division of Greene County Circuit Court. In February 2005, Benson pleaded guilty in the Associate Division of Greene County Circuit Court.

The trial court found Benson guilty and sentenced her to four years in the Missouri Department of Corrections. The trial court then suspended the execution of her sentence and placed her on probation for five years, with special conditions including no

consumption or possession of alcohol and a mandatory ignition interlock device on her vehicle.

## Discussion

As relevant here, "A person commits the offense of driving with excessive blood alcohol content if such person operates . . . [a] vehicle while having eight-hundredths of one percent or more by weight of alcohol in his or her blood[.]"  Section 577.012.1(1). Benson does not contest that she was operating a vehicle, only the sufficiency of the evidence that she had a BAC of 0.08% or more.  She argues that the breath test machine's acceptable operating range is 0.005% in either direction and the actual calibration test results varied by 0.003%, so it is possible her true BAC was 0.079% or lower.  Her argument misses the mark and ignores the manner in which an appellate court must view the evidence on appeal.

Our standard of review in this bench-tried case is the same as in review of a jury-tried case.  ***State v. Shaw***, 592 S.W.3d 354, 357 (Mo. banc 2019).  A review for sufficient evidence is guided by this question:  if the evidence tending to prove guilt and reasonable inferences that support the verdict are accepted as true, is there sufficient evidence from which a reasonable fact-finder might have found the defendant guilty beyond a reasonable doubt?  ***Id.***; ***State v. Gilmore***, 537 S.W.3d 342, 344 (Mo. banc 2018).  "When, as in this case, the circuit court does not make specific findings of fact, we 'must assume that all facts were found in accordance with the result reached.'"  ***State v. Burhop***, 624 S.W.3d 186, 189 (Mo.App. 2021) (quoting ***State v. Revels***, 13 S.W.3d 293, 297 (Mo. banc 2000)).

The state offered and the court received, without objection, the result of Benson's BAC test and the results of the breath test machine's maintenance tests.  Benson has not

alleged error in the admission of that evidence. The fact-finder was free to consider that properly admitted evidence, which made a *prima facie* showing that Benson had a BAC of .08% or more. The state met its burden; it was not required to disprove every possible theory under which Benson could be innocent. ***State v. Swalve***, 598 S.W.3d 682, 689 (Mo.App. 2020).

Benson's argument goes to the weight of the evidence, *i.e.*, that the fact-finder should not have been persuaded beyond a reasonable doubt due to the *possibility* the breath testing machine functioned within parameters but gave too high a result. "In reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court does not act as a super juror with veto powers but gives great deference to the trier of fact." ***State v. Naylor***, 510 S.W.3d 855, 859 (Mo. banc 2017) (quoting ***State v. Jones***, 479 S.W.3d 100, 105 (Mo. banc 2016)) (internal quotation marks omitted). Thus, we do not weigh the evidence. ***Shaw***, 592 S.W.3d at 357. We must accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict. ***Id.*** Benson raised her argument about the weight of the evidence below, and the trial court implicitly rejected it. It is not our prerogative to second-guess this determination on a contested issue of fact. Points I and II are denied.

In her final point, Benson contends the prior intoxication-related offenses used to establish her status as a persistent offender were not qualifying convictions because the state did not prove she was represented by or waived counsel in those proceedings. We understand this point to be a challenge to the sufficiency of the enhancement evidence. Benson candidly admits this issue was not raised below; however, we will review a sufficiency claim on the merits even if it was not raised or not timely raised in the trial court. ***State v. Claycomb***, 470 S.W.3d 358, 361 (Mo. banc 2015).

4

Driving with an excessive blood alcohol content is a class B misdemeanor. Section 577.012.3(1). The offense is enhanced to a class E felony if the state alleges and proves the defendant is a "persistent offender." Section 577.012.3(3). As relevant here, a "persistent offender" is a person who has been found guilty of two or more intoxication-related traffic offenses committed on separate occasions. Section 577.001(18)(a). "It is the State's burden to prove prior intoxication-related traffic offenses beyond a reasonable doubt." *State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009).

The definition of "intoxication-related traffic offenses" has remained static in some respects and changed in other respects. Driving while intoxicated has been a qualifying offense under the definition of "intoxication-related traffic offenses" for decades. *See* § 577.001(15) RSMo. (2016); § 577.023.1(1) RSMo. (2000); § 577.023(1) RSMo. (Cum. Supp. 1983). As relevant here, the legislature amended the definition of "intoxication-related traffic offenses" in 1991 to add a limiting, relative clause: "where . . . the defendant was represented by or waived the right to an attorney in writing." 1991 Mo. Laws 702, 714; § 577.023.1(1) (Cum. Supp. 1992). After that revision, it was plain error for a court to enhance a sentence for a Chapter 577 offense when the state did not prove, beyond a reasonable doubt, that the defendant was represented by counsel or waived the right to counsel during the proceedings for the prior convictions submitted as qualifying intoxication-related traffic offenses. *State v. Collins*, 328 S.W.3d 705 (Mo. banc 2011). The "represented or waived" requirement remained a part of the definition of "intoxication-related traffic offenses" until 2009, when the legislature moved the definition to subpart 4 and struck that clause. 2009 Mo. Laws 237, 275-76; § 577.023.1(4) RSMo. (Cum. Supp. 2009).

The enhancement provisions and pertinent definitions speak only at the time of the enhancement, that is, at the time of the present offense. ***State v. Shepherd***, 643 S.W.3d 346, 349 (Mo. banc 2022) (analyzing Chapter 577 statutes in the context of driving while intoxicated). Accordingly, courts examine a prior conviction to determine if it qualifies as an "intoxication-related traffic offense" as defined at the time of the current offense for which the state seeks enhancement, not the time of the conduct underlying the prior conviction. ***Id.***

Benson was found guilty of a crime charged as having been committed on April 30, 2017. On that date, prior convictions for driving while intoxicated were qualifying offenses under the definition of "intoxication-related traffic offenses" then located in § 577.001(15) RSMo. without the "represented or waived" language that was stricken by the legislature in 2009. Regardless of the definition of "intoxication-related traffic offenses" at the time of her prior offenses, the state was not required to show Benson was represented by or waived the right to counsel for those convictions to qualify as intoxication-related traffic offenses to find Benson was a persistent offender at the time relevant to enhancement of her current offense. Point III is denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS