

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **TIMIS COBBINS,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| **v.** | ) | **WD84628** |
| | ) | |
| | ) | **OPINION FILED:** |
| **MISSOURI DEPARTMENT OF** | ) | **June 28, 2022** |
| **CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Division One:  Mark D. Pfeiffer, Presiding Judge, and**
**Karen King Mitchell and Gary D. Witt, Judges**

This case involves the mandatory minimum sentencing requirements of section 558.019, RSMo Cum. Supp. 2019, and illustrates that the focus of the statute is not on the "name" or the "statute number" of the list of predicate offenses itemized in section 558.019; rather, the focus is upon the offender's current offense and whether the elements comprising that offense are "contained in" the section 558.019 list of predicate offenses requiring that a mandatory minimum sentence be served.  Here, because the conduct reflected in the elements comprising the offense Mr. Timis Cobbins ("Cobbins") was convicted of in 2011 is not "contained in" any of the predicate

offenses listed in section 558.019.2, Cobbins is not subject to the mandatory minimum sentencing guidelines of section 558.019.

Specifically, Cobbins appeals from the judgment of the Circuit Court of Cole County, Missouri ("circuit court"), granting summary judgment in favor of the Missouri Department of Corrections, Director Precythe of the Department of Corrections, and Director Kempker of the Division of Probation (collectively "DOC") on Cobbins's petition for declaratory relief, which sought to enjoin DOC from requiring Cobbins to serve eighty percent of his prison sentence before becoming eligible for parole. We reverse and remand this case back to the circuit court for further proceedings consistent with our ruling today.

### Factual and Procedural Background[1]

In 2011, Cobbins was convicted of one count of second-degree robbery in violation of section 569.030, RSMo (1979). Cobbins was thereafter sentenced to fifteen years' imprisonment, though the execution of his sentence was suspended pursuant to section 217.362, RSMo (2003) and he was instead ordered to serve five years on probation. In November 2016, after seven probation violations, the circuit court revoked Cobbins's probation and executed his sentence. Cobbins completed long-term drug treatment and in January 2018, the circuit court again ordered Cobbins to serve five years on probation.

In October 2018, the circuit court continued Cobbins on probation after he committed four additional probation violations. However, in August 2020, after Cobbins committed *another* four probation violations, the circuit court revoked Cobbins's probation and executed his fifteen-year prison sentence. Upon receiving Cobbins, DOC determined that Cobbins must serve eighty

---

[1] *Green v. Fotoohighiam*, 606 S.W.3d 113, 117 (Mo. banc 2020) governs the method by which we review the summary judgment record and we have, thus, presented the facts as directed by *Green*.

percent of his sentence before becoming eligible for parole because he had three or more prior prison commitments.[2]

In December 2020, Cobbins filed a petition for declaratory judgment in which Cobbins sought a declaration from the circuit court that the application of section 558.019, RSMo Cum. Supp. 2019 did not require him to serve a mandatory minimum of eighty percent of his sentence before becoming eligible for parole. DOC filed an answer and motion for summary judgment, contending that Cobbins's claim failed as a matter of law. On May 24, 2021, the circuit court entered its judgment granting DOC's motion for summary judgment. Cobbins appeals therefrom.

**Standard of Review**

The Missouri Supreme Court has outlined the standard of review for summary judgment:

> The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo*. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. The facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. Only genuine disputes as to material facts preclude summary judgment. A material fact in the context of summary judgment is one from which the right to judgment flows.

*Green v. Fotoohighiam*, 606 S.W.3d 113, 115-16 (Mo. banc 2020) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452-53 (Mo. banc 2011)).

---

[2] Pursuant to section 558.019.2, if an offender is convicted of an offense that is contained in the list of enumerated predicate offenses and has three or more previous prison commitments, then the offender must serve a minimum prison term of eighty percent of the sentence. Cobbins does not challenge that he is an offender with three or more previous prison commitments. Instead, he argues that the offense he pleaded guilty to in 2011, second-degree robbery pursuant to section 569.030, is not contained in the list of predicate offenses enumerated in section 558.019.2.

**Analysis**

In his sole point on appeal, Cobbins contends that the circuit court erred in granting DOC summary judgment in that section 558.019.2 is not ambiguous and, because his predicate offense is not contained in the list of predicate offenses requiring a minimum percentage before parole eligibility, DOC is unlawfully requiring him to serve eighty percent of his sentence before becoming eligible for parole. We agree.

When Cobbins was convicted in 2011 of the class B felony of second-degree robbery under section 569.030, RSMo 2000,[3] section 558.019.2 set mandatory minimum prison terms offenders were required to serve before becoming eligible for parole. The statute specifically excluded from its coverage "provisions of section 565.020, RSMo, section 558.018 or section 571.015, RSMo, which set minimum terms of sentences, or the provisions of section 559.115, RSMo, relating to probation." § 558.019.1, RSMo 2000. And it expressly "appli[ed] to all classes of felonies except those set forth in chapter 195, RSMo, and those otherwise excluded in subsection 1 of this section." § 558.019.2. Because Cobbins was convicted of a felony that was neither contained in Chapter 195 nor one of the specifically listed exclusions in subsection 1, section 558.019.2 plainly applied to his conviction and, because he had three prior prison commitments, would have required him to serve a minimum of eighty percent of his sentence before becoming eligible for parole. § 558.019.3(3), RSMo 2000.

Cobbins did not enter the department of corrections immediately after his conviction in 2011. Instead, he was placed on multiple terms of probation. After several failed attempts, Cobbins's probation was revoked and he entered the department of corrections in August 2020,

---

[3] Prior to its repeal in January 2017, "[s]ection 569.030 provide[d] in pertinent part: 'A person commits the crime of robbery in the second degree when he forcibly steals property.'" *State v. Coleman*, 463 S.W.3d 353, 354 (Mo. banc 2015).

where he was advised that, under the current version of section 558.019, he would be required to serve eighty percent of his fifteen-year sentence because he had three or more prior prison commitments.

Between the time of Cobbins's offense and the time he was delivered to the department of corrections, the legislature restructured Missouri's criminal code via L.2014, S.B. No. 491, § A, which became effective January 1, 2017. It is this legislative action that the circuit court erroneously described and which became the underlying erroneous basis of the circuit court's ruling below. In its judgment, the circuit court described S.B. No. 491 as follows:

> Instead of *repealing* the original second-degree robbery statute and *replacing* it with the new version of second-degree robbery, the General Assembly *transferred* Section 569.030 [the criminal statute Cobbins was convicted of] to Section 570.025 [the current criminal statute describing the elements of second-degree robbery].

This represents an erroneous characterization of S.B. No. 491. Instead, S.B. No. 491 identified numerous statutes by number, including section 569.030, and then declared that these provisions "are *repealed* and six hundred eighty-five *new* sections [including section 570.025] *enacted in lieu thereof*." (Emphasis added.) And, the legislature did not merely repeal section 569.030 and *transfer* the identical language of the former section 569.030 into section 570.025; instead, the legislature substantively *changed* the offense of second-degree robbery by adding a new element not previously contained in section 569.030.[4] This is a distinction with a difference.[5]

---

[4] Section 570.025, the new criminal offense for robbery in the second degree states: "A person commits the offense of robbery in the second degree if he or she forcibly steals property and in the course thereof causes physical injury to another person." § 570.025.1.

[5] If the *only* difference between sections 569.030, RSMo (1979) and 570.025 was the statutory number, there would be no genuine dispute that the offense for which Cobbins pleaded guilty to would be "contained in" one of the predicate offenses listed in section 558.019.2 (*i.e.,* § 570.025). But, as we explain in our ruling, that is not the procedural circumstance presented in this case.

Second-degree robbery under section 570.025, enacted by the legislature to replace section 569.030, requires proof that the accused had forcibly stolen property **and** caused physical injury to another in the course thereof. § 570.025. In other words, the "new enactment" of second-degree robbery adds an element to the offense of second-degree robbery that did **not** exist when Cobbins was convicted of second-degree robbery as it existed in 2011 pursuant to section 569.030.[6] By **changing** the elements required to prove second-degree robbery (as compared to the elements previously required by section 569.030) and **changing** the statute number associated with second-degree robbery (§ 570.025), the legislature made clear that conduct constituting the former "second-degree robbery" pursuant to section 569.030 no longer qualified as "second-degree robbery" after the enactment of section 570.025. This distinction becomes significant with subsequent legislative actions.

Also, among the changes to the criminal code in S.B. No. 491 was a transfer of all Chapter 195 offenses to a new Chapter 579. Reflecting this change, S.B. No. 491 amended section 558.019.2 to clarify that it "shall be applicable to all classes of felonies except those set forth in chapter 579, or in chapter 195 prior to January 1, 2017, and those otherwise excluded in subsection 1 of this section." Subsection 1 further reflected the update by deleting the reference to section 558.018 and replacing it with section 566.125, where former section 558.018 had been transferred. § 558.018, RSMo Supp. 2017. The changes from S.B. No. 491 did not otherwise affect the scope of section 558.019's coverage. Thus, under the 2014 amendment, Cobbins's offense under former section 569.030, RSMo 2000, as a felony not within Chapters 579 or 195, was still within section 558.019's scope and still would have required him to serve a minimum of eighty percent of his sentence, even though the new enactment of second-degree robbery in

---

[6] We observe that the legislature did not retain "forcibly stealing" *without* physical injury in section 570.025 or more generally in the family of robbery offenses as, for example, *third*-degree robbery.

section 570.025 to replace section 569.030 added a new element to the then current requirements

of a conviction for second-degree robbery after the 2014 amendment to the criminal code.

Section 558.019 was, however, amended yet again in 2019 via L.2019, H.B. No. 192, § A.

The 2019 amendment, unlike the 2014 amendment, actually changed the scope of

section 558.019's coverage. Instead of covering all but a select few identified statutes and

anything from either Chapter 579 or 195, the 2019 amendment to section 558.019.2 provided:

> The provisions of subsections 2 to 5 of this section shall *only* be applicable to the offenses *contained in* sections 565.021, 565.023, 565.024, 565.027, 565.050, 565.052, 565.054, 565.072, 565.073, 565.074, 565.090, 565.110, 565.115, 565.120, 565.153, 565.156, 565.225, 565.300, 566.030, 566.031, 566.032, 566.034, 566.060, 566.061, 566.062, 566.064, 566.067, 566.068, 566.069, 566.071, 566.083, 566.086, 566.100, 566.101, 566.103, 566.111, 566.115, 566.145, 566.151, 566.153, 566.203, 566.206, 566.209, 566.210, 566.211, 566.215, 568.030, 568.045, 568.060, 568.065, 568.175, 569.040, 569.160, 570.023, **570.025**, **570.030 when punished as a class A, B, or C felony**, 570.145 when punished as a class A or B felony, 570.223 when punished as a class B or C felony, 571.020, 571.030, 571.070, 573.023, 573.025, 573.035, 573.037, 573.200, 573.205, 574.070, 574.080, 574.115, 575.030, 575.150, 575.153, 575.155, 575.157, 575.200 when punished as a class A felony, 575.210, 575.230 when punished as a class B felony, 575.240 when punished as a class B felony, 576.070, 576.080, 577.010, 577.013, 577.078, 577.703, 577.706, 579.065, and 579.068 when punished as a class A or B felony.

§ 558.019.2, RSMo Supp. 2019 (emphasis added). Not only did the amendment narrow

application of section 558.019 to offenses "contained in" criminal offenses identified by statute

numbers, it also added the word "only," further confirming the legislature's intent of limiting the

scope of the statute's application. The narrowing purpose was further evidenced by the addition

of new subsection 6, which provides:

> An offender who was convicted of, or pled guilty to, a felony offense other than those offenses listed in subsection 2 of this section prior to August 28, 2019, *shall no longer be subject to the minimum prison term provisions* under subsection 2 of this section, and *shall be eligible for parole, conditional release, or other early release* by the department of corrections according to the rules and regulations of the department.

§ 558.019.6, RSMo Supp. 2020 (emphasis added).[7]  In other words, the *current* version of section 558.019 is the *relevant* version of section 558.019 to resolve whether Cobbins's conviction under section 569.030 in 2011 qualifies as a trigger under section 558.019 requiring a mandatory minimum sentence.

"The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." *Moore v. Bi-State Dev. Agency*, 609 S.W.3d 693, 696 (Mo. banc 2020) (internal quotation marks omitted).  "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." *Id.* (internal quotation marks omitted).  "'This Court interprets statutes in a way that is not hypertechnical but instead is reasonable and logical and gives meaning to the statute and the legislature's intent as reflected in the plain language of the statute at issue.'" *Dixon v. Missouri State Highway Patrol*, 583 S.W.3d 521, 524 (Mo. App. W.D. 2019) (quoting *IBM Corp. v. Dir. of Revenue*, 491 S.W.3d 535, 538 (Mo. banc 2016)).

Plainly, the offense that Cobbins pleaded guilty to is *not* "contained in" any of the predicate offenses listed in the 2019 version of section 558.019.

In fact, "forcibly stealing," *by itself*, is no longer conduct that is identical to *any* offense contained in Missouri's criminal code after January 2017.  Second-degree robbery currently

---

[7] Though it is a general rule that "penalties imposed for the violations of criminal laws are to be governed by statutes in effect at the time of the commission of the crimes," *State v. Cruz-Basurto*, 581 S.W.3d 51, 60 (Mo. App. W.D. 2019) (internal quotation marks omitted), where the legislature explicitly mandates that certain offenders receive the benefit of a change in law, we must abide by that directive.  Section 558.019.6 makes certain that *unless* an offender has been found guilty of an offense that is *contained in* those offenses listed in section 558.019.2, the offender is *not* subject to the minimum prison term provisions.  Therefore, section 1.160 is not applicable here as section 558.019.6 expressly precludes its application and to do otherwise would render said subsection meaningless. *Rasmussen v. Illinois Cas. Co.*, 628 S.W.3d 166, 175 (Mo. App. W.D. 2021) ("Courts never presume that our legislature acted uselessly and should not construe a statute to render any provision meaningless.").  Further, "[a] specific statute controls over a more general statute where both statutes purport to address the same issue." *Hanger v. Dawson*, 584 S.W.3d 798, 802 (Mo. App. W.D. 2019) (quoting *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 673 n.2 (Mo. banc 2009)).

requires proof of an *additional* element (*i.e.,* causing physical injury) over and above the elements previously itemized in the former section 569.030.  *See* § 570.025.  Clearly, then, the conduct comprising the elements of the offense for which Cobbins was found guilty of in section 569.030 is not "contained in" the current second-degree robbery statutory description found in section 570.025.

But, that does not end our analysis.  For, if the offense of "forcibly stealing" that Cobbins was convicted of is "contained in" a criminal offense that is listed in section 558.019.2, Cobbins would still be subject to the mandatory minimum trigger.

With this backdrop, and based upon our review of the criminal code following the 2014 amendments to the criminal code that took effect in 2017, the closest offense to "forcibly stealing" that exists after January 2017 is found in the general stealing statute, section 570.030.[8]  And, in section 570.030.5(2), it is a class **D** felony if "the offender physically takes the property appropriated from the person of the victim."  While the offense does not require the use of force, it can fairly be said that the offense that Cobbins was convicted of in 2011 is "contained in" section 570.030.5(2).  However, that offense is ***not*** listed in section 558.019.2; for, a section 570.030 offense punished as anything less than a class **C** felony is ***not*** a predicate offense listed in section 558.019.2.

Because Cobbins pleaded guilty to forcibly stealing without causing physical injury and a class D felony offense from section 570.030 is not listed in section 558.019.2, Cobbins is not subject to the mandatory minimum prison term provisions of section 558.019.2.

A contrary conclusion would require this Court to construe the General Assembly's 2014 repeal of section 569.030, RSMo (1979) and enactment of section 570.025 via S.B. No. 491 and

---

[8] "A person commits the offense of stealing if he . . . appropriates property … of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion."  § 570.030.1.

its 2019 repeal and enactment of section 558.019 via H.B. No. 192 as meaningless legislative changes; even though it is axiomatic that "[t]his Court should never construe a statute in a manner that would moot the legislative changes, because the legislature is never presumed to have committed a useless act." *Rasmussen v. Illinois Cas. Co.*, 628 S.W.3d 166, 176 (Mo. App. W.D. 2021). And, "[t]he legislature is presumed to have acted with a full awareness and *complete knowledge of the present state of the law*, including judicial and legislative precedent." *Id.*

Simply put, the offense that Cobbins pled guilty to in 2011 is not "contained in" the enumerated predicate offenses itemized in section 558.019.2. Hence, the section 558.019 mandatory minimum sentencing language cannot be applied to his current sentence and the circuit court's conclusion to the contrary is erroneous. Accordingly, the summary judgment in favor of DOC must be reversed and the matter remanded to the circuit court for further proceedings consistent with today's ruling.

Point granted.

## Conclusion

The circuit court's entry of summary judgment in favor of DOC on Cobbins's petition for declaratory judgment is reversed and the matter is remanded to the circuit court for further proceedings consistent with this opinion.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Presiding Judge

Karen King Mitchell and Gary D. Witt, Judges, concur.

10