

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD37587
)
RAYMOND CROSS, ) **Filed: July 31, 2023**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

The Honorable R. Zac Horack, Special Judge

**AFFIRMED**

Raymond Cross ("Mr. Cross") appeals his conviction for resisting arrest following a jury trial. Mr. Cross argues on appeal that the trial court erred in overruling his motions for judgment of acquittal and entering judgment against him for resisting arrest because there was insufficient evidence by which any rational juror could find beyond a reasonable doubt Mr. Cross fled for the purpose of preventing an officer from making an arrest as required by section 575.150.[1] Finding no merit to Mr. Cross's point, the judgment is affirmed.

---

[1] All references to statutes are to RSMo Cum.Supp. 2022, unless otherwise specified.

1

**Factual Background and Procedural History**

On January 29, 2018, Sergeant Michael Borders with the Mississippi County Sheriff's Department saw Mr. Cross "had a warrant through Mississippi County" for tampering with a motor vehicle so he went to Mr. Cross's home in Wilson City, Missouri. When Sergeant Borders approached Mr. Cross's home in his marked patrol vehicle bearing "Mississippi County" on the side, he saw Mr. Cross "outside sitting on the porch on the side of the house[.]" Sergeant Borders and Mr. Cross were familiar with each other from past interactions. Sergeant Borders exited his patrol vehicle wearing a pair of khaki pants and a Mississippi County Sheriff's Department jacket with his name and a badge on it. Sergeant Borders informed Mr. Cross that he "had a warrant through Mississippi County, . . . for tampering with a motor vehicle." Sergeant Borders advised Mr. Cross that he was under arrest. Mr. Cross stated that "no," it was "his vehicle." He then jumped off the porch and took off running. Sergeant Borders ran after him. Because Mr. Cross put a good distance between himself and Sergeant Borders, Sergeant Borders got in his patrol vehicle and drove until he saw Mr. Cross run toward a field on North Street. Sergeant Borders exited his patrol vehicle and chased after Mr. Cross through the field. Sergeant Borders directed Mr. Cross to "stop, because he was under arrest." Mr. Cross continued to run into a wooded area. Sergeant Borders turned around and went back to his patrol vehicle and drove by Mr. Cross's home. Mr. Cross eluded arrest that date but was later arrested on a different date and in a different county.

Mr. Cross filed a motion for judgment of acquittal at the close of the State's evidence, which the trial court denied. Mr. Cross presented no evidence. Mr. Cross then filed a motion for judgment of acquittal at the close of all the evidence, which the trial

2

court denied. The jury found Mr. Cross guilty and the trial court sentenced him to six years' imprisonment as a prior and persistent offender.

## Standard of Review

"We review the circuit court's ruling on a motion for judgment of acquittal in a jury-tried case to determine whether the State made a submissible case." *State v. Meador*, 660 S.W.3d 650, 652 (Mo. App. S.D. 2022). "Appellate review is limited to whether, 'in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Knox*, 604 S.W.3d 316, 320 (Mo. banc 2020) (quoting *State v. Porter*, 439 S.W.3d 208, 211 (Mo. banc 2014)).

> In determining whether there is sufficient evidence "to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidences and inferences." *State v. Gilmore*, 537 S.W.3d 342, 344 (Mo. banc 2018) (alterations omitted), quoting *State v. Ess*, 453 S.W.3d 196, 206 (Mo. banc 2015).[ ]

*State v. Lehman*, 617 S.W.3d 843, 846-47 (Mo. banc 2021) (footnote omitted).

## Analysis

Mr. Cross argues the trial court erred in overruling his motions for judgment of acquittal on the felony resisting arrest charge because there was insufficient evidence to support the jury's guilty verdict. Specifically, Mr. Cross asserts there was insufficient evidence to prove the first element of a resisting arrest charge, that Mr. Cross knew or reasonably should have known Sergeant Borders was arresting him when Mr. Cross fled.

A person commits the offense of resisting arrest under the resisting arrest statute, section 575.150.1, if:

"(1) he knew or reasonably should have known that a law enforcement officer was making an arrest; (2) he resisted that arrest by using or threatening to use violence or physical force or by fleeing from the officer; and (3) he did so for the purpose of preventing the officer from completing the arrest."

*State v. Shaw*, 592 S.W.3d 354, 358 (Mo. banc 2019) (quoting *State v. Pierce*, 433 S.W.3d 424, 434 (Mo. banc 2014)). Resisting arrest is a felony if the arrest is for a felony, for a warrant for a failure to appear on a felony case, or for a warrant for a probation violation on a felony case. Section 575.150.5. Here, the outstanding warrant was for tampering with a motor vehicle, a class D felony, so Mr. Cross's resisting arrest charge constituted felony resisting arrest. Section 575.150.5(1).

The evidence viewed most favorably to the verdict supports a conviction of resisting arrest pursuant to section 575.150 because it showed Mr. Cross knew or reasonably should have known that Sergeant Borders was making an arrest. When Sergeant Borders arrived at Mr. Cross's home in his marked patrol vehicle wearing khaki pants and a Mississippi County Sheriff's Department jacket bearing his name and a badge, Sergeant Borders approached Mr. Cross sitting on his porch. Mr. Borders and Mr. Cross were familiar with each other. Sergeant Borders informed Mr. Cross that he had a warrant for his arrest through Mississippi County for tampering with a motor vehicle. Sergeant Borders told Mr. Cross he was under arrest. Mr. Cross stated that "no," it was "his vehicle." He then jumped off the porch and took off running. Sergeant Borders chased Mr. Cross first on foot and then in his patrol car. When he saw him run into a field, Sergeant Borders ordered Mr. Cross to stop running because he was under arrest. From these facts, the jury could reasonably infer that Mr. Cross knew or reasonably should have known that Sergeant Borders was arresting him. *See State v. Jones*, 479

4

S.W.3d 100, 110-11 (Mo. banc 2016) (holding there was a sufficient basis for the jury to infer the defendant knew or reasonably should have known he was being arrested where the defendant (1) fled the scene of the crime and ran directly into the view of a responding officer, (2) continued to flee after the officer identified himself and told the defendant to stop running, and (3) continued to flee even after the officer began chasing him); *see also* **Meador**, 660 S.W.3d at 652 (holding there was a reasonable inference that the defendant knew or reasonably should have known that the officers were arresting him where the officer told the defendant: (1) he thought the defendant had a warrant for his arrest; (2) the officer was double-checking the status of the defendant's arrest warrant; and (3) a second officer twice yelled at the defendant to stop running as three officers pursued the defendant, two on foot and one in a patrol car).

Mr. Cross challenges only the sufficiency of the evidence from which the jury could determine that he knew or reasonably should have known that Sergeant Borders was making an arrest at the time Mr. Cross fled, and our resolution of that challenge addresses elements one and three of the offense of resisting arrest. Mr. Cross does not dispute that he fled from Sergeant Borders so we do not address that element.

**Conclusion**

The evidence adduced at trial, viewed in the light most favorable to the jury's verdict, was sufficient to support a finding by a reasonable jury that Mr. Cross was guilty of felony resisting arrest beyond a reasonable doubt. The judgment convicting Mr. Cross of felony resisting arrest is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

BECKY J.W. BORTHWICK, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS